| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Matthew Eddie Carson**<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–7955<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **District of Oregon** | | Date case filed for chapter  13   **12/3/15** |
| Case number:   **15–35618–pcm13** | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case

12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Matthew Eddie Carson | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 12250 SW Indian Hill Lane<br>Beaverton, OR 97008 | |
| 4. | **Debtor's attorney**<br>Name and address | KYLE WAYNE SCHUMACHER<br>1001 SW 5th Avenue, Suite 1100<br>Portland, OR 97204 | Contact phone 503–535–0620 |
| 5. | **Bankruptcy trustee**<br>Name and address | Wayne Godare<br>222 SW Columbia St #1700<br>Portland, OR 97201 | Contact phone (503) 972–6300 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at  www.pacer.gov. | 1001 SW 5th Ave #700<br>Portland, OR 97204 | Office Hours 9:00 a.m. – 4:30 p.m.<br>Contact phone 503–326–1500<br>Date: 12/4/15 |

**For more information, see pages 2 & 3**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **December 29, 2015 at 02:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. Photo ID is required. | **Location:**<br>**Chapter 13 Trustee Office, 222 SW Columbia St., #1700, Portland, OR 97201** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>You must file:<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 60 days after the first date set for the Meeting of Creditors** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 3/28/16** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: See Fed. Rule Bankr. Proc. 3002(c)(1)** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be completed and filed at www.orb.uscourts.gov or any bankruptcy clerk's office. **Please file proof of claim electronically at www.orb.uscourts.gov. No login or password is required.**<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | If the debtor has filed a plan, it is enclosed with this notice. If the debtor has not yet filed a plan, it will be sent separately. The hearing on confirmation will be held on:<br>**2/4/16** at **09:00 AM**, Location: **US Bankruptcy Court, Courtroom #1, 1001 SW 5th Ave, 7th Floor, Portland, OR 97204**<br>The Court may enter an order confirming a proposed plan before the scheduled hearing date if no timely objections are filed. See the "Objections to Confirmation" explanation on page 3 for procedural details. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline to object to the debtors' discharge or the dischargeability of certain debts. | |

| | |
|---|---|
| **14. Notice of Proposed Dismissal of Case** | This case may be dismissed without further prior notice if (1) all plan payments are not current, (2) the debtors fail to complete the meeting of creditors set above, or (3) the debtors fail to timely file any documents and/or make fee payments as ordered by the Court, unless within 21 days of the date in line 6 either the debtor or trustee files a written objection to dismissal, setting forth specific grounds, and sends a copy to the non–filing party (i.e., debtors or trustee). |
| **15. Objection to Confirmation** | A creditor wanting to object to any provision of the debtors' plan must file a written objection with the Court showing service on the debtors within 14 days after the meeting of creditors concludes. Filing a proof of claim rejecting the plan, or motion for relief from the automatic stay, will not be considered an objection to the confirmation. See Local Bankruptcy Rule 3015–3(c) for additional details concerning confirmation of Chapter 13 plans. |
| **16. Court Information and Legal Advice** | Court Information is available at www.orb.uscourts.gov. For account numbers, etc. contact the debtor's attorney. Contact your own attorney with other questions and to protect your rights. The clerk's office staff is forbidden by law from giving legal advice. |