**Below is an order of the Court.**

*Trish M Brown*

**U.S. Bankruptcy Judge**

13Y (3/25/19)

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
 **Matthew Eddie Carson,** xxx–xx–7955
Debtor(s)

Case No. **15–35618–tmb13**

**Chapter 13 Order Discharging Debtor(s), Discharging Trustee, Terminating Wage Order(s), and Closing Case**

The court finds the debtor filed a petition under title 11, United States Code, on 12/3/15; the debtor's chapter 13 plan has been confirmed; the debtor has fulfilled all requirements under that plan; and therefore,

IT IS ORDERED that:

1. Pursuant to 11 U.S.C. § 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. § 502, except any debt:

    a. provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

    b. for domestic support obligations, as specified in 11 U.S.C. § 523(a)(5);

    c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. § 523(a)(8);

    d. for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. § 523(a)(9);

    e. for restitution or fine included in a sentence on the debtor's conviction of a crime as specified in 11 U.S.C. § 1328(a)(3);

    f. for restitution, or damages, awarded in a civil action against the debtor(s) as result of willful or malicious injury by the debtor(s) that caused personal injury to, or the death of, an indvidual as specified in 11 U.S.C. § 1328(a)(4);

    g. based on the allowed claim filed under 11 U.S.C. § 1305(a)(2) if prior approval by the trustee of the debtor(s) incurring such debt was practicable and was not obtained as specified in 11 U.S.C. § 1328(d); or

    h. made nondischargeable by 18 U.S.C. § 3613(f), by certain provisions of titles 10, 37, 38, 42, and 50 of the U.S.C., or by any applicable provision of law.

2. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

3. Any order directing an employer to pay wages to the trustee is now terminated and the debtor's employer must stop making payments to the trustee.

4. Upon filing of the final report and account required by the U.S. Trustee, the trustee shall, without further court order, be discharged as trustee of the debtor's estate.

5. The case is closed, and the court shall retain jurisdiction over any adversary proceeding pending at the time of closure.

###

**Explanation of Bankruptcy Discharge in a Chapter 13 Case** (the following information is a general summary derived from the discharge explanation in the national Chapter 13 discharge form, OF B 3180W, and does not constitute an order of the court):

An order of discharge means that no one may make any attempt to collect a discharged debt from the debtor peronsally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors on discharged debts. Contacting the debtor by mail, phone or otherwise in any attempt to collect the debt is prohibited; and creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, as partially enumerated in the subsections of paragraph 1 above, exceptions exist. For instance, a creditor with a lien may enforce a claim against the debtor's property subject to that lien unless the lien was avoided or eliminated (e.g., a creditor may have the right to foreclose a home mortgage or reposess an automobile). Also, the discharge does not affect debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)(C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan.

Per 11 U.S.C § 524(f), this order does not prevent debtors from paying any debt voluntarily.